NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CARLOS LOPEZ-VASQUEZ, AKA Juan Carlos Lopez Vasquez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-71315 <br><br> Agency No. A205-710-260 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Carlos Lopez-Vasquez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

       *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. at 1241-42. We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Lopez-Vasquez failed to establish that the harm he experienced or fears was or would be on account of an actual or imputed political opinion. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1042 (9th Cir. 2005) ("To establish a nexus to the political opinion ground, the [petitioner] must show (1) that [petitioner] had either an affirmative or imputed political opinion, and (2) that [petitioner was] targeted *on account of* that opinion.").

The agency did not err in concluding that Lopez-Vasquez did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting

1                                                                                      20-71315

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding the proposed social group "returning Mexicans from the United States" lacked particularity).

Lopez-Vasquez's contention that the agency erred and violated his right to due process by failing to consider a claim based on religion fails where the record does not show Lopez-Vasquez raised or argued a religion claim in his pre-hearing brief or during the merits hearing before the IJ. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Thus, Lopez-Vasquez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Lopez-Vasquez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

We reject as unsupported by the record Lopez-Vasquez's contentions that the agency failed to consider evidence or otherwise erred in its analysis of his claims.

20-71315

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**